Berger *v.* Kohler & Romer.

Opinion delivered December 15, 1924.

Sales—acceptance of clothing.—The rule that acceptance of early installments of goods purchased under an indivisible contract does not bind the purchaser to pay the price until delivery of all the installments is not applicable to an article such as a suit of clothes, the acceptance and use of which renders the purchaser liable though the seller failed to furnish trousers as agreed.

Appeal from Craighead Circuit Court, Jonesboro District; *G. E. Keck,* Judge; affirmed.

*Horace Sloan,* for appellant.

The contract was indivisible. The extra pants were never furnished. Appellant would not have accepted a part of the order if he had known the entire order was not forthcoming. 3 Williston on Contracts, § 1474; 6 R. C. L. p. 859; 56 N. Y. Supp. 1032. In contracts involving matters of fancy, taste or judgment, when one party agrees to perform to the satisfaction of the other (as in this case to make the suit fit), he renders the other party the sole judge of his satisfaction without

regard to the justice or reasonableness of his decision, and a court or jury cannot say that such party should have been satisfied, when he asserts he is not. 13 C. J. p. 675, § 768; 37 App. Div. 536, 56 N. Y. Supp. 326; 113 Mass. 136.

*Cooley, Adams & Fuhr*, for appellee.

Contracts ordinarily entire may be treated as severable if the parties so elect. 81 Ark. 549; 76 Ark. 74; 2 A. L. R. p. 638. Acceptance may be implied from conduct. 6 R. C. L. 992. The use of property operates as an acceptance. 6 R. C. L. 993.

McCulloch, C. J. Appellees are merchant tailors, doing business in the city of St. Louis, and this is an action instituted by them against appellant to recover the sum of $150, the alleged price of a suit of clothes made by them for appellant, who resides in Jonesboro, Arkansas.

It is the contention of appellees that the contract between them and appellant was that they would make and furnish a suit of clothes, consisting of a coat, vest and trousers, and would, if they could secure enough of the material, furnish an extra pair of trousers, and that the price would be $150. They contend that they made and delivered the suit to appellant, but were unable to secure enough of the material to furnish the extra pair of trousers.

Appellant contends that appellees made an absolute contract with him to furnish a suit of clothes and an extra pair of trousers, and also undertook to make the suit to fit to his satisfaction, and that they have not furnished the extra trousers and that the fit is not to his satisfaction. The trial jury returned a verdict in favor of appellees for the sum of $100.

The testimony introduced by the parties supported their respective contentions, and there was a conflict as to the particular contract between them as to whether or not the garments constituted a suitable fit. Appellees testified that the suit was returned to them for alterations, and showed considerable wear. Appellant

admitted that he had worn the suit several times in order to try it, and that there were perspiration marks under the sleeves of the coat. The suit was exhibited to the jury.

The court gave, over appellant's objection, the following instruction:

"1.   If you find from the evidence that the defendant Berger, on the receipt of the suit of clothes, wore same longer than was reasonably necessary to determine whether they fitted him properly, such act of the defendant operated as an acceptance of the said suit, and you will find for the plaintiff in the sum of $150, unless you find that plaintiff agreed to furnish two pairs of trousers for a consideration of $150, in which event you will find for the plaintiff for the sum of $150 less the value of the extra pair of trousers."

The objection to this instruction is based principally upon the contention that the contract, according to appellant's own testimony, was indivisible, and that he was not bound to accept the suit without the extra pair of trousers being furnished also. Counsel invoke the principle of law that, where a contract is indivisible, the delivery of all the installments is a condition precedent to the obligation to pay, and that acceptance of an early installment does not bind the purchaser to pay the full price.   3 Williston on Contracts, § 1474.   Conceding this to be a correct principle of the law, it is not applicable to the sale of an article such as a suit of clothes, which deteriorates in value on partial use, for, under these circumstances, the acceptance and use of the article constitutes an election to treat the contract as divisible. The evidence in the case is sufficient to warrant the finding that appellant did accept the suit of clothes and wore it sufficiently to materially diminish its market value. This being true, he is liable for the price.   Our conclusion therefore is that there was no error in giving this instruction.

Error is also assigned in the court's giving the following instruction of its own motion:

"1. The word 'fit' as used in the agreement of purchase means the same fit that an ordinary man of careful dress would require in buying a suit of like kind and character."

This instruction was given in connection with others requested by appellant to the effect that, if the suit did not fit appellant, and appellees were given an opportunity to make alterations so as to constitute a fit, and they did not properly make the alterations, they could not recover the price.

The court gave still another instruction, at appellant's request, on another phase of the case, which his testimony tended to support, namely, that the contract was that the suit should be made to fit appellant "to his entire satisfaction," and the two instructions were not in conflict. They were given to meet different phases of the case, according to the facts the jury might find.

We think there is no prejudicial error in the record, and that the verdict was supported by sufficient testimony.

Affirmed.